UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

APEX MACHINE COMPANY,             CASE NO. 06-60689-CIV-COHN/SNOW
a Florida corporation,

       Plaintiff,

vs.

RITTER GMBH, a foreign corporation

       Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS
COUNTS II AND III OF COUNTERCLAIM**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Dismiss Counts II and III of Amended Counterclaim [DE 47]. The Court has carefully considered the Motion, Response [DE 49] and Reply [DE 50], and the underlying record in this case, and is otherwise fully advised in the premises.

I.  BACKGROUND

The following facts are contained in the Complaint and are undisputed unless otherwise stated. On December 3, 2004, the parties in the above-captioned action entered into a contract under which Defendant Ritter GmbH ("Defendant") agreed to purchase a printing machine from Plaintiff Apex Machine Company ("Plaintiff"). Plaintiff would design and manufacture the machine and Defendant agreed to pay $517,990.00 and to pick up the printer at Plaintiff's Fort Lauderdale manufacturing facility. The contract was not fully performed. The parties dispute whether Plaintiff failed to deliver conforming goods or whether Defendant refused to accept the goods. For purposes of the instant Motion, the Court must accept the facts alleged in the Amended

Counterclaim as true. Therefore, the Court must accept as true Defendant's claim that it did not take possession of the printer because Plaintiff failed to deliver conforming goods. Regardless, as discussed below, the reason for the parties' failure to complete performance under the contract is irrelevant for purposes of this Motion.

Plaintiff filed the instant action alleging that Defendant's refusal to accept the printer violated Florida Statutes § 672.708 and § 672.706 (Counts I and II, respectively). Defendant filed an answer and Counterclaims. The Amended Counterclaims[1] allege the following three counts: 1) Breach of Contract (Count I); 2) Breach of Express Warranty Under § 672.313, Florida Statute (Count II); and 3) Breach of Implied Warranty of Fitness for a Particular Purpose Under § 672.315, Florida Statute (Count III). Plaintiff now moves to dismiss Counts II and III of the Amended Counterclaims.

## II.  ANALYSIS

### A.  Motion to Dismiss Standard

In its Motion to Dismiss, Plaintiff asserts that Counts II and III of Defendant's counterclaims should be dismissed for failure to state a claim upon which relief may be granted. It is long settled that a claim "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). The allegations of the claim must be taken as true and must be read to include any theory on which the

---

[1] Defendant amended its Counterclaims in response to Plaintiff's first Motion to Dismiss Counts II and III. Plaintiff has now renewed its Motion alleging that the amendments do not resolve the issues raised in Plaintiff's Motion.

plaintiff may recover.  Cramer v. Florida, 117 F.3d 1258, 1262 n. 8 (11th Cir. 1997); see also Marsh, 268 F.3d at 1023; Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)).

### B. Breach of Warranty Counterclaims

The sole issue before the Court is whether Defendant can bring a claim for breach of express and/or implied warranty under the Uniform Commercial Code ("U.C.C.") as adopted in Florida law,[2] where it rejected the subject good, the printing machine.  Since the Court finds that a claim for breach of warranty is only permissible where the purchaser accepts the goods, Counts II and III of Defendant's Amended Counterclaims shall be dismissed.

The parties dispute which statutes govern the available remedies in this case.  Defendant alleges that it is entitled to damages for breach of express and implied warranty in accordance with Fla. Stat. §§ 672.11, 672.712, 672.713 and 672.715.  Plaintiff does not dispute that Defendant is entitled to seek damages for breach of contract and consequential and incidental damages in accordance with the above-stated provisions.  However, Plaintiff argues that Defendant cannot plead breach of express or implied warranty because the damages awarded for warranty claims are governed solely by § 672.714, a statute which requires that the goods at issue be accepted.

Where a seller breaches a warranty, the aggrieved buyer may either 1) return the

---

[2]   Titles 670-680 of the Florida Statutes may be cited as the Uniform Commercial Code.  Fla. Stat. § 671.101.  To illustrate, § 672.313 corresponds with U.C.C. § 2-313.

-3-

goods through rejection or revocation and claim damages for breach of contract and incidental and consequential damages under §§ 672.711, 672.712, 672.713 and 672.715; or 2) retain the goods and collect damages for breach of warranty and consequential and incidental damages in accordance with §§ 672.714 and 672.715. See Barkley Clark and Christopher Smith, 1 The Law of Product Warranties § 7:1 (April 2006). "Sections 2-713 and 2-712 on the one hand and 2-714 on the other are mutually exclusive." 1 J. White and R. Summers, Handbook of the Law Under the Uniform Commercial Code § 10-1 (4th ed. 1995).

It is undisputed that Defendant never took possession of the printing machine. As stated by the Fifth Circuit, the U.C.C. distinguishes between when the buyer accepts a non-conforming good and when the buyer rejects a non-conforming good. Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins., 832 F.2d 1358, 1374-75 (5th Cir. 1987) (citing J. White and R. Summers, Handbook of the Law Under the Uniform Commercial Code 375 (2d ed. 1980)). "This distinction is important because, under the system the Code sets up, a buyer's ability to sue for breach of warranty arises only under section [2-714][3], where acceptance of nonconforming goods is a prerequisite." Id. Whether the rejection was caused by the seller's failure to deliver or the buyer's refusal to accept is irrelevant. See 1 J. White and R. Summers, Handbook of the Law Under the Uniform Commercial Code § 10-1. It follows therefore, that a breach of warranty does not occur when the seller completely fails to deliver or where a

---

[3] The court in Brooks cited to the U.C.C. provisions as adopted by Texas state law. For uniformity herein, the citations were amended to reflect the U.C.C. section numbers rather than the Texas state statutes.

buyer rejects goods. Brooks, 832 F.2d at 1374-75. "When that happens, the buyers remedy is found under sections [2-712] and [2-713] for the seller's breach of contract." Id. at 1375.

Since, in the instant case, either Plaintiff failed to deliver the printer or Defendant rejected delivery of the machine, Defendant is only entitled to seek remedies for breach of contract and consequential and incidental damages. Defendant cannot simultaneously seek to recover for breach of express or implied warranty. Contrary to Defendant's assertion, damages for breach of warranty are exclusively provided for by § 672.714, which, as stated above, is only applicable where a buyer accepts nonconforming goods. Since Defendant never obtained possession of the printing machine, it cannot plead counterclaims for breach of express and implied warranty. Therefore, Counts II and III of Defendant's Counterclaims fail as a matter of law and shall be dismissed.

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Counts II and III of Amended Counterclaim [DE 47] is **GRANTED**. Counts II and III of Defendant's Amended Counterclaim are dismissed with prejudice. Plaintiff's Motion for Extension of Time to Amend Pleadings [DE 51] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of February, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies to:
All counsel of record